**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jonathon Alan Farnham, Sr., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> State of Arizona; ACPTC, ) <br> ) <br> Defendants. ) <br> ) <br> _____) | No. CV-11-00192-PHX-NVW <br><br> **ORDER** |

Before the Court is Plaintiff Jonathon Alan Farnham, Sr.'s Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 5), otherwise known as a motion for leave to proceed *in forma pauperis*. The Court will grant Farnham's *in forma pauperis* application and screen his complaint. Screening his complaint reveals defects that require the Court to dismiss it. However, the Court will give Farnham an opportunity to amend his complaint and correct certain problems.

**I.     Background**

Farnham has been committed to the Arizona Community Protection and Treatment Center, commonly known as the state hospital. He has filed a complaint with this Court, alleging that he has been deprived of his personal property unconstitutionally. The complaint includes a lengthy, itemized list of all such property he can remember. However, his complaint contains no details about when the state hospital took his property, why they did

it, how they did it, or who did it.

By way of relief, Farnham asks this Court for "compensation" for the lost property and for "the mental anguish he has felt, endured." Farnham also "seeks to insure, that this never happens to another resident ever again."

**II.     Legal Standard**

Farnham has moved for leave to file *in forma pauperis*. The Court is satisfied that Farnham qualifies for *in forma pauperis* status. However, permitting Farnham to proceed *in forma pauperis* also obligates this Court to screen his complaint under the following standards.

**A.     Screening Standard**

When this Court permits a party to file *in forma pauperis*, the Court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, § 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.*

**B.     Failure-to-State-a-Claim Standard**

To state a claim for relief under Rule 8, a plaintiff must make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This "short and plain statement" must also be "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is plausible if it contains sufficient factual matter to permit a reasonable inference that the defendant is liable for the conduct alleged. *Id.* A proper complaint needs

- 2 -

no "formulaic recitation of the elements of a cause of action," *see Twombly*, 550 U.S. at 555, but the plaintiff must at least "allege sufficient facts to state the elements of [the relevant] claim," *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). All of the plaintiff's plausible factual allegations are accepted as true and the pleadings are construed in a light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Further, despite *Twombly* and *Iqbal*, courts continue to construe pro se filings liberally, and give such plaintiffs "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### III. Analysis

#### A. Claims Against the State of Arizona

##### 1. Claim for Money Damages

The Eleventh Amendment to the United States Constitution does not permit Farnham to sue the state of Arizona (or its agencies, such as the state hospital) for money damages. The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although this amendment appears only to prohibit suits against states brought by non-citizens, the Supreme Court has interpreted it to prohibit suits against states brought by their own citizens, if those suits ask for money damages. *See Alden v. Maine*, 527 U.S. 706 (1999); *Hans v. Louisiana*, 134 U.S. 1 (1890). Therefore, Farnham's complaint is dismissed without leave to amend to the extent Farnham is seeking money damages from the state.

##### 2. Request for an Injunction

Farnham also "seeks to insure, that this never happens to another resident ever again." The Court interprets this as a request for an injunction. The Eleventh Amendment also prohibits Farnham from asking for an injunction directly against the state. *Ex parte Young*, 209 U.S. 123 (1908). Thus, the Court must dismiss Farnham's complaint without prejudice to the extent it requests an injunction directly against the state.

Because this dismissal is "without prejudice," Farnham may attempt to bring this

1 claim again in an amended complaint. However, Farnham must sue for an injunction against 2 an individual state officer (such as the director of the state hospital) in their "official 3 capacity." The Eleventh Amendment does not prohibit such suits. Nonetheless, Farnham 4 must also narrow his request. He does not have "standing" to seek an injunction on behalf 5 of all state hospital residents — if other state hospital residents have had their property 6 confiscated unconstitutionally, those residents need to bring their own lawsuits. Farnham is 7 not permitted to sue on their behalf, nor may he bring a class action *pro se*. *See McShane v.* 8 *United States*, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as 9 an attorney for other persons in a purported class action); *Oxendine v. Williams*, 509 F.2d 10 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding pro se to represent 11 fellow inmates in a class action).

12 On the other hand, the Court may grant an injunction that protects Farnham 13 personally. But before the Court can do that, Farnham must establish that the state hospital 14 will likely deprive him of his property again unconstitutionally. *See*, *e.g.*, *City of L.A. v.* 15 *Lyons*, 461 U.S. 95, 105 (1983) ("Lyons' standing to seek the injunction requested depended 16 on whether he was likely to suffer future injury . . . ."). As currently written, Farnham's 17 complaint alleges no facts that plausibly suggest a threat of future unconstitutional 18 deprivations of property. Thus, if Farnham chooses to request an injunction in his amended 19 complaint, he must: (1) sue a relevant state officer in their "official capacity," and (2) include 20 enough factual detail to plausibly show a likelihood of future unconstitutional property 21 deprivations of his property.

22 **B.     Claims Against Individuals**

23 The Eleventh Amendment prohibits Farnham from suing the state for money damages, 24 but it does not prohibit him from suing individuals employed by the state for money 25 damages, if those individuals violated his constitutional rights while acting as state 26 employees. Such a claim is usually brought under 42 U.S.C. § 1983.

27 The only defendant named in the caption of Farnham's complaint is "State of Arizona, 28 ACPTC." Farnham names no individuals. Farnham titles his complaint "Resident

1 Farnham's Complaint Against Arizona State Hospital Mr. Cooper and ACPTC Security
2 Chief. Missing Personal Property," and the Court therefore presumes that Farnham intended
3 to name "Mr. Cooper" and "ACPTC Security Chief" as defendants, in addition to the state
4 hospital. But unless Farnham names "Mr. Cooper" and "ACPTC Security Chief" in the
5 caption (the "[name of plaintiff] v. [name of defendant(s)]" section on the first page), the
6 Court does not consider them parties to the case. The Court will therefore dismiss Farnham's
7 § 1983 claim without prejudice for failure to name individual defendants acting in their
8 individual (as opposed to official) capacities.

9       Because this dismissal is "without prejudice," Farnham may attempt to bring his
10 claims against "Mr. Cooper" and "ACPTC Security Chief" again in an amended complaint,
11 if he names them as defendants in the caption. However, the Court warns that Farnham must
12 also include enough allegations in his complaint to establish a plausible § 1983 claim against
13 "Mr. Cooper" and "ACPTC Security Chief." These two persons are nowhere mentioned in
14 Farnham's current complaint except in its title. In fact, the complaint says nothing about any
15 specific person. Nor does it provide any details about when Farnham's property was taken
16 away, why it was taken away, and so forth. Farnham must also plausibly allege that "Mr.
17 Cooper" and "ACPTC Security Chief" *intentionally* (as opposed to accidentally) deprived
18 Farnham of his property. *See Daniels v. Williams*, 474 U.S. 327 (constitution not violated
19 by accidental deprivations of property). Lacking such details, the complaint is not plausible
20 on its face, even under liberal *pro se* pleading standards.

21       Therefore, if Farnham chooses to file an amended complaint and he still wishes to sue
22 "Mr. Cooper," "ACPTC Security Chief," or any other state hospital employee, Farnham must
23 (1) name those persons in caption, and (2) include enough factual detail in the complaint to
24 plausibly suggest that each person intentionally violated his constitutional rights.

25       IT IS THEREFORE ORDERED that Farnham's Application to Proceed in District
26 Court Without Prepaying Fees or Costs (Doc. 5) is GRANTED.

27       IT IS FURTHER ORDERED that Farnham's complaint (Doc. 1) is DISMISSED
28 without leave to amend to the extent it seeks money damages against the state of Arizona,

1 and with leave to amend to the extent it seeks an injunction against an Arizona state official
2 acting in his or her official capacity and money damages from state hospital employees acting
3 their individual capacities.

4     IT IS FURTHER ORDERED that Farnham chooses to file an amended complaint, he
5 must do so by **April 1, 2011**.

6     IT IS FURTHER ORDERED that if Farnham does not file an amended complaint by
7 April 1, 2011, the Clerk shall enter judgment dismissing this action without further order of
8 this Court.

9     IT IS FURTHER ORDERED that if Farnham files an amended complaint, the
10 complaint may not be served on any defendant until and unless the Court screens the
11 amended complaint pursuant to 18 U.S.C. § 1915(e)(2).

12     DATED this 22nd day of February, 2011.

                                        Neil V. Wake
                                   United States District Judge